```
UNITED STATES DISTRICT COURT                    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MIHAIL TUTUIANU,                                :
                                                :
                Plaintiff,                      :      MEMORANDUM
                                                :      AND ORDER
                                                :
        -against-                               :      06 CV 2823 (JG)
                                                :
COMMISSIONER OF SOCIAL                          :
SECURITY,                                       :
                                                :
                Defendant.                      :
-------------------------------------------------------X
```

A P P E A R A N C E S:

    MIHAIL TUTUIANU
        67-18 Parsons Blvd. #2B
        Flushing, NY 11365
        Plaintiff, *pro se*

    ROSLYNN R. MAUSKOPF
        United States Attorney
        Eastern District of New York
        147 Pierrepont Street
        Brooklyn, NY 11201
    By:   Kathleen A. Mahoney
        Assistant United States Attorney
        Attorney for Defendant

JOHN GLEESON, United States District Judge:

        This is Mihail Tutuianu's third action against the Commissioner of Social Security relating to his January 29, 1996 application for Supplemental Security Income ("SSI") benefits. I remanded the first action to the Commissioner for further proceedings, *see Tutuianu v. Apfel*, No. 99-CV-5214 JG, 2000 WL 1240069 (E.D.N.Y. Aug. 23, 2000), after which the Commissioner found Tutuianu disabled as of December 12, 2000, but not prior to that date. Tutuianu brought a second action to reverse the unfavorable part of the agency's decision, and

the parties stipulated to afford Tutuianu that relief. *See Tutuianu v. Comm'r of Soc. Sec. Admin.*, No. 06 CV 312. Accordingly, on September 23, 2006, the Appeals Council issued a finding that Tutuianu was disabled as of January 29, 1996. Herbst Decl. ¶ 2a; Ex. 1. Tutuianu now brings a new action, which the Commissioner moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. I held oral argument on the motion on June 28, 2007. For the reasons set forth below, the motion is granted.

Tutuianu's *pro se* complaint challenges an application by the New York City Adult Protective Services, Human Resources Administration ("HRA") to be made representative payee of Tutuianu's SSI benefits.[1] *See* Compl. ¶ VI.A.1 (characterizing HRA's intent in filing the application as "arbitrary" and "abusive"). The complaint and its accompanying exhibits document a protracted legal dispute between Tutuianu and his landlord and other tenants. The dispute is relevant to this action because Tutuianu claims that HRA was made his representative payee so that the New York City Housing Authority could wrongfully collect rental payments out of Tutuianu's SSI benefits. *Id.* at 7 ¶ 1.a.ai. Specifically, Tutuianu alleges that his December 2006 SSI payment was made to HRA as representative payee, *see id.* at 7 ¶ 1.a.avi, which then withheld a certain amount, ostensibly for rent, and remitted the $400 balance to him, *see id.* at 8 ¶ c.

It appears from the complaint that the decision of the Social Security Administration to make HRA the representative payee of Tutuianu went through two administrative stages. The agency notified Tutuianu on October 23, 2006 that it had "information" that he required assistance with his finances, and that it planned to send his SSI

---

[1] The complaint distinguishes this "matter of the illegal, abusive representative payee" from the issue of the "SSI benefits SSA owes [Tutuianu] for the period of january 1996 to December 2000." Compl. ¶ VI.B.

payments to HRA as representative payee. *See id.* ¶ VI.A.4. On November 14, 2006, the agency notified Tutuianu that his December 2006 SSI benefits would be paid to the HRA. *See id.* Ex. 9. Tutuianu requested reconsideration of that initial determination on November 15, 2006, and submitted a doctor's note that he could manage his own financial arrangements. *See id.* Ex. 19, 26. The complaint does not reflect any further administrative review of the representative payee decision beyond the reconsideration stage.

I do not have jurisdiction to review the agency's initial or reconsideration determinations. I may only review a "final decision of the Commissioner" within the meaning of 42 U.S.C. § 405(g) (made applicable to SSI claims by 42 U.S.C. § 1383(c)(3)), nothing else. *See* 42 U.S.C. § 405(h). Tutuianu has not demonstrated that he presented his claim for a hearing by an administrative law judge or review by the Appeals Council. Lacking those latter two steps, there is no "final decision" by the Commissioner. *See* 20 C.F.R. § 416.1400(a)(5) ("When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section [*i.e.*, initial determination, reconsideration, hearing, and Appeals Council review], we will have made our final decision."). Accordingly, this action is not properly before me.

Even if I construed Tutuianu's complaint to challenge the agency's role in HRA's allegedly wrongful withholding of his rent from his December 2006 SSI payment, I would still conclude I have no jurisdiction. The determination to make HRA representative payee was reversed following Tutuianu's motion to reconsider, meaning Tutuianu was his own payee as of January 2007. *See* Herbst Decl. ¶ 2b. Thus, it is only the withholding from the December 2006 SSI payment that is at issue. *See* Compl. at 8 ¶ c ("Monday December 11th I have received a

check from the HRA - APS in the amount of $400. [Exibit [*sic*] 17] -- less $290. $100 more than real rent - $190. Why? Therefore my SSI benefits arbitrarily were hijacked by SSA!"). But Tutuianu has made no demonstration that he obtained an initial determination by the Commissioner on whether the HRA misused his December 2006 benefits or whether he is entitled to restitution. I therefore conclude that I am without jurisdiction to consider a claim of misuse of benefit payments.

The Commissioner's motion to dismiss for lack of subject matter jurisdiction is granted.[2] The Clerk is respectfully directed to close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
June 29, 2007

---

[2] Tutuianu submitted two additional sets of documents supplementing the exhibits to his complaint. Three of these documents reflect that Tutuianu received his February 2007 SSI payment in March 2007. *See* Addendum to Plaintiff's Answer to Defendant's Motion To Dismiss 2-4. At oral argument, Tutuianu at first claimed these documents illustrated that his payments were "cut off," but later conceded that they demonstrated only that his February payment was received late. Tutuianu makes no demonstration that he has exhausted any claim respecting his untimely receipt of the February benefits, and I conclude I am without jurisdiction over any such claim.